BARBOSA ET AL., PLAINTIFFS AND APPELLEES, v. FERNÁNDEZ, DEFENDANT AND APPELLANT.

APPEAL from the District Court of San Juan in an Action of Unlawful Detainer.

No. 2140.—Decided April 9, 1920.

UNLAWFUL DETAINER—APPEAL.—Inasmuch as the provision of Act No. 70 of 1911, that the time within which an appeal may be taken shall begin to run from the date of the filing of notice of the judgment to the losing party, is limited to the cases referred to in section 295 of the Code of Civil Pro-

cedure, among which appeals from judgments in actions of unlawful detainer are not included, when in a case of unlawful detainer the appeal is taken more than five days after the date of the judgment the appeal will be dismissed for failure to comply with section 11 of the Unlawful Detainer Act, particularly when it does not appear that the bond required by section 12 of the said act was given within the five days allowed for an appeal.

The facts are stated in the opinion.

*Mr. E. Rincón* for the appellant.

*Messrs. M. Guerra* and *I. Soldevila* for the appellees.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

In an action of unlawful detainer brought in the District Court of San Juan, Section 1, by Juan Barbosa Lara and Simón Pescay against Cándido Fernández to evict the latter from a house and lot on the ground that the lease had expired and the defendant continued in possession of the property at sufferance, the said court entered judgment sustaining the complaint and the defendant appealed therefrom to this court.

The transcript of the record having been brought up to this court, both parties filed briefs in support of their respective contentions and the appellee also moved that the appeal be dismissed because it had not been taken in time and because it did not appear from the transcript that the appellant had given the bond required by the Unlawful Detainer Act of 1905.

Section 11 of the said act prescribes that "appeals should be taken within a period of five days after the date of the judgment."

The judgment in this case was entered on May 9, 1919, and the appeal was taken, with notice thereof to appellee, on the 15th of the same month, or six days after the date of the judgment, when the five days allowed therefor by law had expired.

Section 2 of Act No. 70 of 1911, providing that the time within which an appeal may be taken shall begin to run from

the date of the filing of notice of the judgment to the losing party, does not favor the appellant, for in establishing the manner of giving notice of judgments that act limited it to cases where an appeal may be taken as provided in section 295 of the Code of Civil Procedure, among which cases of final judgments in actions of unlawful detainer are not included, these being governed by the special act whose section 11 allows five days from the date of the judgment within which to appeal.

Section 12 of the same Unlawful Detainer Act, after prescribing that when the action of unlawful detainer is founded on the non-payment of the amounts agreed upon, the defendant shall be denied the right of appeal unless he deposits in the office of the secretary of the court the amount of the rent due up to the date of the judgment, adds that ''in all other cases it shall be an indispensable requisite to the right of appeal on the part of the defendant that he furnish an undertaking, to the satisfaction of the court, binding himself to pay all damages which may be occasioned to the plaintiff, and also the costs of the appeal'' and that ''both the deposit and the undertaking referred to shall be made or filed within the time granted for taking an appeal.''

This is a case of unlawful detainer at sufferance. The transcript of the record does not show that the appellant failed to give bond for the appeal, but if he did it was given after the time allowed for the appeal, which, as we have said, was taken out of time, and therefore the bond was null and void in law.

Sections 11 and 12 of the Unlawful Detainer Act have been heretofore construed by this court in *Figueroa et al. v. Sepúlveda,* 24 P. R. R. 645, and *Ramírez* v. *Pérez,* 25 P. R. R. 214.

The appeal must be

*Dismissed.*

Justices Wolf, del Toro, Aldrey and Hutchison concurred.